CITY OF MILWAUKEE, Appellant, vs. RAILROAD COMMISSION OF WISCONSIN and others, Respondents.

*June 2—June 25, 1919.*

*Street railways: Consolidation: Urban and interurban lines.*

Sub. 3, sec. 1775, and sec. 1862a, Stats., both having their origin in ch. 234, Laws 1891, though in terms granting power to con‧ solidate "street railways," authorize consolidation of the urban lines of one company and the urban and interurban lines of another company, both organized to own and operate both kinds of business, the term "street railway" having for years before the enactment been used by the legislature to include both kinds of railways.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This action was brought by the city of *Milwaukee* to secure a temporary injunction restraining the *Railroad Commission* from proceeding to determine the application of the *Milwaukee Electric Railway & Light Company* (hereinafter called the *Electric Company*), under secs. 1753—1 to 1753—22, inclusive, of the Statutes, for leave to issue $1,600,000 of common capital stock and deliver the same to the *Milwaukee Light, Heat & Traction Company* (hereinafter called the *Traction Company*) in part payment of the purchase price of the operating property of the last-named company.

The *Electric Company* was organized February 1, 1896, while the *Traction Company* was organized December 14, 1896. The *Electric Company* operates the street-car lines within the city of *Milwaukee* and the *Traction Company* operates or owns interurban lines outside the city connecting with the lines of the *Electric Company*. The plaintiff claims that the *Traction Company* has no franchise of its own in the city, but has used the lines of the *Electric Company*.

The two companies applied to the *Railroad Commission* for permission to consolidate, the *Electric Company* con-

templating the issuance of $1,600,000 common stock to be delivered to the *Traction Company* in part payment of the purchase price of all the operating property of that company. The city of *Milwaukee* objected to the jurisdiction of the *Railroad Commission* on the ground that the statutes do not permit a street-car company to purchase or consolidate with the *Traction Company,* an interurban company, which the city claims cannot be consolidated with a street-car company.

The two companies deny that this restriction exists, and allege that the corporate purposes of both companies include both the operation of urban and interurban railways. They also deny that the *Traction Company* has no franchise to operate interurban cars inside the city of *Milwaukee* and allege that lines formerly owned by the *Traction Company* have been included in the city of *Milwaukee* by the extension of the corporate limits; and that the two companies as operating concerns are, pursuant to orders of the *Railroad Commission,* operating electric railroads in the city of *Milwaukee* within the single-fare zone.

The trial court held that both companies were organized under the provisions of ch. 234, Laws 1891, and that this act conferred the power to consolidate both urban and interurban railways by purchase one of the other. The application for a temporary restraining order was denied. Plaintiff appeals from such order.

For the appellant there was a brief by *Clifton Williams,* city attorney, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

For the respondent *Milwaukee Electric Railway & Light Company* there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee; and the cause was argued orally by *James D. Shaw* and by *E. E. Brossard,* assistant attorney general.

SIEBECKER, J.    The facts show that both the *Electric* and *Traction Companies* are organized under the same statute of

Milwaukee v. Railroad Comm. 169 Wis. 559.

this state and that both companies declare it is their purpose to conduct the business, among other things, of owning and operating electric street railways in the city and county of Milwaukee and elsewhere in the state. The scope of the articles of incorporation includes the owning and operating of such railways to and into any city, village, or town, and thence into or through any other city, village, or town. It is manifest that the powers and purposes of the two companies embrace the right of each company to own and operate any of the properties involved in this proceeding. But it is claimed that the statutes grant no power to consolidate the urban street railway properties of the *Electric Company* with the interurban properties of the *Traction Company*. As heretofore indicated, both companies are organized to own and operate both businesses and, in fact, the *Traction Company* is now owning and operating a part of the street railway business in the city of *Milwaukee,* and hence it is a street railway corporation which owns and operates a street and an interurban railway and properly combines the two enterprises, under the provisions of secs. 1862 and 1863, Stats., conferring the right to organize for that purpose pursuant to ch. 86, Stats. This right of the *Traction Company* was recognized in *Milwaukee L., H. & T. Co. v. M. N. R. Co.* 132 Wis. 313, 112 N. W. 663, and negatives the contention of the plaintiff that under the provisions of sub. 3, sec. 1775, and sec. 1862a, Stats., it was not contemplated to confer power on a street railway company to purchase and own the properties of another railway company conducting an interurban business. We think the circuit court correctly interpreted these sections and stated the grounds showing their application here:

"Both sections had their origin in ch. 234, Laws 1891. Long before this act was passed the legislature had granted 'any street railway company' the power 'to extend its railroad to any point or points within any town adjoining' the municipality in which the tracks of the street railway were located.

Sec. 2, ch. 313, Laws 1860.   Later 'street railways' were given the power 'to extend from any point in one village or town to, into or through any other village or town . . . for the carriage of either passengers or freight.'   Ch. 221, Laws 1880.   The acts just cited show that the legislature has so used the term 'street railway' as to include both urban and interurban railways for thirty years before ch. 234 of the Laws of 1891 was enacted.   It must be assumed that the legislature had this long-established meaning in mind when it used the phrase 'street railway' in ch. 234, Laws 1891."

We are of the opinion that the circuit court has ascertained the legislative intent and meaning of the provisions of sub. 3, sec. 1775, and sec. 1862a, and that the *Electric Company* has the power to acquire the property of the *Traction Company*, including the interurban lines, and that the plaintiff's application for an injunction was properly denied.

*By the Court.*—The order appealed from is affirmed.